# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICK BINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNION PACIFIC RAILROAD CORP., | ) | |
| HAMM & PHILLIPS SERVICE CO., INC., | ) | |
| VERNON BRUCE, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | Case No. CIV-09-365-M |
| | ) | |
| UNION PACIFIC RAILROAD CORP., | ) | |
| | ) | |
| Defendant and Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAMM & PHILLIPS SERVICE CO., INC., | ) | |
| LIBERTY MUTUAL FIRE INSURANCE | ) | |
| COMPANY and VERNON BRUCE, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## **ORDER**

Before the Court is defendant and third-party plaintiff Union Pacific Railroad Corp.'s ("Union Pacific") Motion for Summary Judgment [docket no. 52], filed March 1, 2010. On March 19, 2010, plaintiff Rick Bingham ("Bingham") filed his response, and on March 22, 2010, third-party defendants Hamm & Phillips Service Co., Inc. ("Hamm & Phillips"), Vernon Bruce ("Bruce") and Liberty Mutual Insurance Company filed their response. On March 25, 2010, Union Pacific filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  INTRODUCTION

This action arises from a collision which occurred on March 2, 2009, while Bingham was operating Union Pacific's locomotive as train engineer. Bruce was driving a Hamm & Phillips semi-truck across County Road 1220 near Minco, Oklahoma when he allegedly "blacked out" and lost consciousness while the train approached. The train violently collided with the semi-truck resulting in injuries to Bingham, the derailment of the lead locomotive and the turnover of several rail cars.

Bingham has brought claims against Union Pacific pursuant to the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*, for inadequacy of the grade crossing warning devices, obstructions at the crossing and failure to provide a safe workplace.[1] Union Pacific now brings this motion for summary judgment arguing that Bingham's negligence claims under the FELA are superceded by the Federal Railway Safety Act of 1970 ("FRSA"), 49 U.S.C. § 20101, *et seq.* Further, Union Pacific argues that Bingham can not prove a statutory violation of Oklahoma Corporation Commission ("OCC") regulations, and therefore, Union Pacific is entitled to judgment as a matter of law on the obstruction claim.

In response to Bingham's claims against Union Pacific, Union Pacific brought third-party claims for negligence against Hamm & Phillips, Bruce and its insurance carrier. Union Pacific now also moves for summary judgment as to its third-party claims.

II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving

---

[1] Bingham concedes that no claims are being asserted for either excessive speed or inadequate locomotive equipment, although Union Pacific proffered arguments in connection with these issues.

2

party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pacific R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed. R. Civ. P. 1." *Celotax Corp. v. Catrett*, 477 U.S. 317, 327 (1986). At the same time, a summary judgment motion does not empower a court to act as the jury and determine witness credibility, weigh the evidence, or choose between competing inferences. *Windon Third Oil & Gas v. Fed. Deposit Ins.*, 805 F.2d 342, 346 (10th Cir. 1986), *cert. denied*, 480 U.S. 947 (1987).

## III. DISCUSSION[2]

---

[2] In his response, Bingham sets forth his own "Statement of Genuine Issues or Uncontroverted Facts" instead of replying to Union Pacific's "Statement of Uncontroverted Facts." Bingham's response is improper because it fails to specifically controvert Union Pacific's statement of facts. *See* LCvR56.1(c) ("Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies and, if applicable, shall state

Bingham asserts FELA claims against Union Pacific for inadequacy of warning devices at the crossing, obstructions at the crossing and the failure to provide a safe environment. Union Pacific asserts that Bruce's negligence *per se* entitles it to summary judgment. The elements of negligence *per se* are as follows: (1) the violation of a statute or ordinance must have caused the injury; (2) the harm sustained must have been of a type intended to be prevented by the statute or ordinance; and (3) the injured party must be one of the class intended to be protected by the statute. *Hamilton v. Allen*, 852 P.2d 697, 699 (Okla. 1993).

Here, the parties do not dispute that Bruce neither slowed nor stopped for the approaching train. Further, Oklahoma law and federal regulations provide that drivers of commercial motor vehicles shall not cross a railroad track unless s/he first stops, listens and looks in each direction, ascertains that no train is approaching, and determines that it is safe to cross. *See* Okla. Stat. 47, § 11-702, 49 C.F.R. § 392.10, 49 C.F.R. § 390.5. The Court finds that Bruce's failure to stop is a direct statutory violation, and this violation caused Bingham's injuries. Clearly, the harm sustained by Bingham as a result of the horrific collision is of the type intended to be prevented by this law and these regulations. The Court also finds that Bingham is one of the class intended to be protected by the law and regulations. Given that this statute and these regulations were designed to protect the public at large and prevent injuries from railroad collisions, the Court finds that the statutory negligence of Bruce constitutes negligence *per se*.

---

the number of the movant's facts that is disputed. All material facts set forth in the statement of the material facts of the movant may be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party."). Even though Bingham's response is insufficient to controvert Union Pacific's motion, the Court will review the issues on the merits.

While the Court finds the elements of negligence *per se* are present in this case, there is a closer question concerning whether negligence *per se* is sufficient to cut off a railroad employer's liability in an action brought pursuant to FELA. Substantively, Bingham argues the Court should depart from the common law proximate cause standard for railroad negligence under FELA. The Supreme Court has stated:

> Under [FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.
> ...
> [F]or practical purposes the inquiry in these cases today rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit.

*Rogers v. Missouri Pac. R. Co.*, 352 U.S. 500, 506 (1957). Bingham argues that *Rogers* has been interpreted to mean that a plaintiff's burden of proof on the question whether the railroad's negligence caused his injury is less oneress.

FELA is a federal statute which renders railroad carriers "liable in damages to any person suffering injury while...employed by [the] carrier" if the "injury or death result[ed] in whole or in part from the [carrier's] negligence." 45 U.S.C. § 51. The Supreme Court describes the purposes and background of FELA as follows:

> Congress designed FELA to "shif[t] part of the 'human overhead' of doing business from employees to their employers." *Gottshall*, 512 U.S., at 542, 114 S.Ct. 2396 (quoting *Tiller v. Atlantic Coast Line R. Co.*, 318 U.S. 54, 58, 63 S.Ct. 444, 87 L.Ed. 610 (1943)). "[T]o further [the Act's] humanitarian purposes, Congress did away with several common-law tort defenses that had effectively barred recovery by injured workers." *Gottshall*, 510 U.S., at 542, 114 S.Ct. 2396. As catalogued in *Gotshall*, the FELA "abolished the fellow servant rule"; "rejected the doctrine of contributory negligence in favor of ... comparative negligence"; "prohibited employers from

5

> exempting themselves from [the] FELA through contract"; and, in a 1939 amendment, "abolished the assumption of risk defense." *Id.*, at 542-543, 114 S.Ct. 2396; *see* 45 U.S.C. §§ 51-55. "Only to the extent of these explicit statutory alterations," however, "is [the] FELA 'an avowed departure from the rules of common law.'" *Gotshall*, 512 U.S., at 544, 114 S.Ct. 2396 (quoting *Sonker v. Missouri Pacific R. Co.*, 365 U.S. 326, 329, 78 S.Ct. 758, 2 L.Ed.2d 799 (1958)). When the Court confronts a dispute regarding what injuries are compensable under the statute, *Gotshall* instructs, common-law principles "are entitled to great weight in our analysis." 512 U.S., at 514, 114 S.Ct. 2396; *see id.*, at 558, 114 S.Ct. 2396 (SOUTER, J., concurring) (The Court's duty "is to develop a federal common law of negligence under FELA, informed by reference to the evolving common law.").

*Norfolk & W. Ry. Co. v. Ayers*, 538 U.S. 135, 145 (2003).

In *Kernan v. Am. Dredging Co.*, 355 U.S. 426 (1958), the Supreme Court extended the reach of the principle of negligence *per se* to cover injuries suffered by employees as a result of their employer's statutory violations. The *Kernan* case, however, does not address whether negligence *per se* of a third-party extends FELA liability to a railroad employer. "That FELA is to be liberally construed, however, does not mean that it is a workers' compensation statute. [The Supreme Court] ha[s] insisted that FELA does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur." *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 543 (1994) (internal citation and quotations omitted). Furthermore, the *Gottshall* Court set forth the following:

> And while "[w]hat constitutes negligence for the statute's purposes is a federal question," *Urie*, 337 U.S., at 174, 69 S.Ct., at 1027, we have made clear that this federal question generally turns on principles of common law: "[T]he Federal Employers' Liability Act is founded on common-law concepts of negligence and injury, subject to such qualifications as Congress has imported into those terms," *id.*, at 182, 69 S.Ct., at 1030-1031. Those qualifications, discussed above, are the modification or abrogation of several common-law defenses to liability, including contributory negligence

6

> and assumption of risk. *See* 45 U.S.C. §§ 51, 53-55. Only to the extent of these explicit statutory alterations is FELA "an avowed departure from the rules of the common law." *Sinkler v. Missouri Pacific R. Co.*, 356 U.S. 326, 329, 78 S.Ct. 758, 762, 2 L.Ed.2d 799 (1958). Thus, although common-law principles are not necessarily dispositive of questions arising under FELA, unless they are expressly rejected in the text of the statute, they are entitled to great weight in our analysis.

*Id*. at 543-44. Because FELA is silent on the issue of negligence *per se*, common-law principles must play a significant role in the Court's decision.

Having reviewed the parties' submissions, the Court finds that Bruce's statutory violation is the proximate cause of the collision, and therefore, Bingham's injury. Irrespective of whether there were adequate warnings, obstructions or an unsafe workplace, the Court finds there is no dispute that the collision would have taken place. In this respect, the common-law principle of negligence *per se* operates to remove liability from Union Pacific based on the collision. Further, negligence *per se* is not explicitly rejected in the text of the statute. Therefore, negligence *per se* remains as a common-law principle entitled to great weight in the Court's review. Also critical to the Court's determination is the Supreme Court's directive that FELA not serve as a workers' compensation statute and/or an insurance policy when employees are injured through the fault of someone other than the employer. In short, the Court finds that summary judgment is warranted in favor of Union Pacific.

IV.  THIRD-PARTY CLAIMS

Union Pacific asserts third-party claims based upon negligence. Union Pacific seeks indemnity from Hamm & Phillips and Bruce for any damages that may be awarded against Union Pacific to Bingham, and also seeks to recover for damages to its locomotive resulting from the collision. To the extent that Union Pacific asserts third-party claims as indemnity for any and all

7

damages for which it is liable and required to pay Bingham, the Court denies as moot summary adjudication because, as set forth above, the Court has found Union Pacific is not liable to Bingham.

In relation to the locomotive and related damages, Hamm & Phillips, Bruce and the insurance carrier assert that Bruce suddenly and unexpectedly lost conciousness before reaching the crossing where the collision occurred. In light of Bruce's previous undiagnosed medical condition, third-party defendants assert the unforeseeable unavoidable accident by reason of sudden unconsciousness as an affirmative defense to negligence. Having reviewed the parties' submissions, the Court finds the existence of genuine issues of material fact surrounding this defense makes it improper to grant summary judgment to Union Pacific.

V.  CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART the motion for summary judgment as follows:

(1) The Court GRANTS the motion for summary judgment as to Bingham's claims and Union Pacific's third-party claims based upon indemnity; and

(2) The Court DENIES the motion for summary judgment as to Union Pacific's third-party claims in connection with locomotive and related damages.

**IT IS SO ORDERED this 22nd day of June, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

8